Learned, P. J.
The simple question is, whether Anderson Fowler at the time of issuing the attachment was “not a resident of the state” {Code, sec. 636, sub. 2).
The affidavit of Henry Davis states that Fowler has been openly and continuously a resident of the city of New York;, that his residence was Ho. 60 East Sixty-eighth street; that he is generally and commonly to be found in that city; that the city directories of New York and of Chicago give his residence as of New York; that his family have resided there for many years past. Fowler’s own affidavit is to the same effect, so are the affidavits of Clifton and of Page.
On the part of the plaintiff there is the affidavit on which the attachment was obtained, that neither of defendants reside in the state of New York, but in Chicago. There is further affidavit of plaintiff that the firm of Fowler Brothers has a fixed residence and domicile in Chicago, and that such is the understanding of the trade ; that bill-heads of the firm are headed Chicago, and letters dated there, &c.
An affidavit of James that defendants stated that they resided in Chicago, and that he cannot be mistaken, that this statement was made by Anderson Fowler. A further affidavit of plaintiff that defendants’ names appear in the directory of Chicago, and that they cannot be found in this state, and that they were then in Chicago.
There is no doubt for certain purposes, for instance for succession, a distinction between domicile and residence (Dupuy agt. Pemberton, 53 N. Y., 556). One may go abroad and reside abroad for instance, with no intention of changing *290 his domicile, and he may thus retain his domicile in this country while residing in another. But that distinction can hardly be said to arise here.
The evidence shows that Fowler’s domicile and residence were in New York city. There he had his house and there were his family. Absences on business to Chicago, though frequent, would not necessarily make him a resident of Chicago. It is undoubtedly true that he might make such a stay in Chicago as would constitute residence there, though Iiis domicile were here (Haggart agt. Morgan, 1 Seld., 422). This is seen in Towner agt. Church (2 Abb., 299), where the' ■defendant’s family resided in another state and he spent his nights and Sundays there with them, but carried on business :in New York, being in that city during business hours. He was held not to be a non-resident.
But in the present case there is an absence of those facts which would show that Fowler’s residence was in Chicago. True the firm did their business in that city; but the firm as such cannot be said to have a residence. It is the individual members who have residences; and unless it be shown that Fowler did more than take occasional visits to Chicago, we .have no facts which shake the presumption that he resides where his family and his house are.
We think that the weight of the evidence shows unquestionably that Fowler was a resident of this state.
Order reversed, with ten dollars costs, and printing, disbursements and attachment vacated as to Anderson Fowler, -with ten dollars costs.